UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARTHA SUE NOLEN                    :

    Plaintiff,                          :

                             :    CIVIL ACTION NO.

v.

                             :    1:05-CV-2592-MHS

TRACTOR SUPPLY COMPANY,

                             :

    Defendant.

## ORDER

This action is before the Court on defendant's motion for summary judgment. For the following reasons, the Court grants the motion.

Background

Viewing disputed facts in the light most favorable to the non-moving party, on August 29, 2004, plaintiff Martha Nolen and her friend visited the Tractor Supply Company store in Calhoun, Georgia, to look at lawn trailers. Several trailers lay flat on the ground outside the store, but one black trailer was leaning against a wall. While plaintiff viewed other trailers, the black trailer toppled and struck her from behind.

There is no evidence either of any Tractor Supply company employee in the vicinity of the lawn trailer at the time of the incident, or of the length of time the lawn trailer stood against the wall before it fell. The store manager testified that he routinely visually inspected the store merchandise throughout the day, correcting any dangerous conditions he perceived, and directed his employees to do the same. The manager testified that he did not see a lawn trailer leaning against the wall when he inspected them on the morning in question, and conceded that such a position would be unsafe. Defendant displayed the trailers within reach of its customers.

One provision of defendant's general safety standards states that "[a]ll merchandise in racking must be safely stacked. Use wire guards in front of all assembled products with wheels." Several months after the incident, plaintiff spotted another trailer leaning against a wall at the same store, in an area accessible to customers.

On October 6, 2005, plaintiff filed her complaint for negligent display and storage of the trailer against the wall of the store. Defendant moves for summary judgment.

2

Discussion

To prevail in an action for premises liability under Georgia law, plaintiff must show "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." Robinson v. Kroger Co., 268 Ga. 735, 748 (1997).

Defendant argues that plaintiff should have acted to avoid the hazard, because she was aware of the cart leaning against the wall in a static condition. Plaintiff counters that the cart does not qualify as a static condition under Georgia law because the danger posed by the cart was not obvious, and plaintiff did nothing to initiate contact with the cart. Instead, the toppling cart hit her from behind, while she shopped for other items.

The Court agrees with plaintiff that the cart was not a static condition. "A static condition is one that does not change. Such a condition 'is not dangerous unless someone fails to observe it and steps into it.'" Poythress v. Savannah Airport Comm'n 229 Ga. App. 303, 306 (1997) quoting MARTA v. Fife, 220 Ga. App. 298, 300 (1996). Georgia courts recognize static conditions

3

where the hazard is immobile and the plaintiff initiates the contact that causes the injury.  See, e.g., Rowland v. Murphy Oil USA, Inc., 280 Ga. App. 530, ___ (2006) (recognizing static condition where plaintiff tripped over metal support legs of gas station advertising sign); Pirkle v. Robson Crossing, LLC, 272 Ga. App. 259, 260 (2005) (holding curb at shopping center was a static condition where the plaintiff saw the curb but did not appreciate its height).

Here, plaintiff did not trip over or step into a stationary lawn trailer and does not concede that the danger posed by the cart was obvious. Defendant, however, does concede that the position of the trailer against the wall was unsafe.  Therefore, the hazard does not satisfy the requirements of a static condition under Georgia law.

In its second argument, defendant asserts that plaintiff cannot show the store had superior knowledge of the cart's condition.  Plaintiff argues in response that defendant violated its own written policy on safe storage of wheeled products, and that defendant has produced no evidence of adequate safety inspection routines.  Plaintiff also suggests that *res ipsa loquitur* applies to these facts.

AO 72A
(Rev.8/82)

Defendant cites <u>Sams v. Wal-Mart Stores, Inc.</u>, 228 Ga. App. 314 (1997), and the Court finds this case to be directly on point. In <u>Sams</u>, two boxes of cookware fell from a shelf in a store and struck the plaintiff from behind. <u>Id.</u> at 314. The plaintiff claimed that the defendant had stored the boxes in an unsafe manner, but made no showing that the defendant was actually aware of the defective manner in which the cookware had allegedly been stacked. <u>Id.</u> at 315. It was uncontested that no employee was in the immediate vicinity and there was no evidence of prior similar incidents to give the defendant constructive notice of the alleged danger. <u>Id.</u> The department manager testified that she regularly maintained a lookout for potentially hazardous conditions. <u>Id.</u> Finally, the plaintiff did not offer any evidence that the purportedly dangerous condition had existed for any appreciable amount of time. <u>Id.</u>

The Georgia Court of Appeals affirmed the trial court's grant of summary judgment in favor of the defendant because the plaintiff failed to produce specific evidence that the store had superior knowledge of the hazard. <u>Sams</u>, 228 Ga. App. at 315. The court held that *res ipsa loquitur* did not apply because customers could reach the boxes at issue, so they were not in the store's exclusive control. <u>Id.</u>

AO 72A
(Rev.8/82)

Here, as in <u>Sams</u>, an item struck plaintiff from behind. Plaintiff has offered no specific evidence that defendant was actually or constructively aware of the condition of the cart. Just as in <u>Sams</u>, there is no evidence that the cart had been leaning against the wall for an appreciable time, nor of any prior similar incidents, nor of employees in the immediate vicinity. The manager of the Tractor Supply store stated that he visually inspected the merchandise throughout the day, like the department manager in <u>Sams</u>, and directed other employees to do likewise, correcting any unsafe condition they perceived. Finally, as in <u>Sams</u>, the trailer was within reach of store customers, so application of *res ipsa loquitur* is inappropriate.

Plaintiff cites three Georgia cases for the general proposition that a merchant must place merchandise so as not to cause injury to a customer exercising ordinary care. Here, however, the critical question is not whether defendant has this duty under Georgia law. Rather, any potential liability turns on whether defendant is deemed to have knowledge of the condition such that defendant's failure to remedy the condition constitutes a breach of this duty.

6

Plaintiff cites <u>Rhodes v. K-Mart Corp.</u>, 240 Ga. App. 57 (1999). In <u>Rhodes</u>, a fan fell out of its box from a high shelf onto a customer as she reached for it. The box containing the fan appeared to have been opened prior to the incident. The defendant testified that it inspected the store twice per day but that individual boxes were not inspected. The lower court granted summary judgment for the defendant and the plaintiff appealed. The Georgia Court of Appeals reversed. The court found that "a jury issue was created as to whether [the defendant] should have anticipated that placing a previously opened box containing a fan on a high shelf would cause injury." <u>Id.</u> at 58. The court also found a jury issue over whether the defendant should have been aware of the condition.

Here, the record does not create a jury issue over whether defendant should have been aware of the condition. In <u>Rhodes</u>, the defendant store admitted that it did not inspect the boxes in question. Here, the store manager stated that he visually inspected the trailers on the morning in question and did not see any lawn trailers propped against the wall. As defendant's uncontroverted testimony indicated he did inspect the lawn trailers, <u>Rhodes</u> is inapplicable and plaintiff must establish constructive knowledge by alternative means.

AO 72A
(Rev.8/82)

Plaintiff also relies on Cox v. K-Mart Enterprises of Ga., Inc., 136 Ga. App. 453 (1975).  In Cox, a customer sued a store when a vacuum cleaner fell from a high shelf and struck her on the head and shoulder.  The shelf in question was not readily accessible to customers and there was no evidence of customer interference with the merchandise.  The Georgia Court of Appeals reversed a directed verdict for the defendant.  The court reasoned that the merchandise was sufficiently out of reach of customers to apply the doctrine of *res ipsa loquitur.*  As this doctrine raises the inference that the storekeeper created the condition, notice of the condition is presumed.

The reasoning in Cox is inapplicable here because there is no evidence that the lawn trailer was in defendant's exclusive, or virtually exclusive, control.  When *res ipsa loquitur* does not apply, no inference is raised that defendant created the condition, and plaintiff is not excused from establishing notice.

Plaintiff also cites Keaton v. A.B.C. Drug Co., 266 Ga. 385, 387 (1996), for the proposition that merchandise must be placed so as not to cause injury to a customer exercising ordinary care.  This contention, though undoubtedly accurate, does not address the key question of notice, as discussed above.

Plaintiff contends that a jury issue exists over whether defendant created the condition because, several months after the incident, plaintiff saw another upright trailer at the store, in an area accessible to customers. However, plaintiff does not explain why this evidence supports its theory that defendant had knowledge of the original hazardous condition prior to the incident. Plaintiff cites to no authority in support of this proposition, and the Court finds none.

Finally, plaintiff contends that she should survive summary judgment because there is record evidence that defendant violated its own written policy in the storage of the subject trailer. Specifically, plaintiff argues that the store's general safety standards require employees to use wire guards in front of all assembled products with wheels. The relevant provision of defendant's store general safety standards reads: "All merchandise in racking must be safely stacked. Use wire guards in front of all assembled products with wheels." However, even if this standard could be construed to apply to all assembled products with wheels, and not just those in racking, there is still no evidence to support a finding that defendant violated the standard because there is no evidence that defendant knew the trailer was propped against the wall.

AO 72A
(Rev.8/82)

## Summary

For the foregoing reasons, the Court GRANTS defendant Tractor Supply Company's motion for summary judgment [#.

IT IS SO ORDERED, this ___ day of November, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)